Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Keeley I. Vega (State Bar No. 259928)
vega@turnerboyd.com
Jacob S. Zweig (State Bar No. 296129)
zweig@turnerboyd.com
Bethany Bengfort (State Bar No. 312507)
bengfort@turnerboyd.com
Alexander Krois (State Bar No. 334346)
krois@turnerboyd.com
TURNER BOYD SERAPHINE LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 521-5930

*Attorneys for Medtronic Ireland Manufacturing Unlimited Co. and Medtronic Vascular Galway Unlimited Company*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO. and MEDTRONIC VASCULAR GALWAY UNLIMITED COMPANY,<br><br>Plaintiffs and Counterclaim-Defendants,<br><br>vs.<br><br>RECOR MEDICAL, INC.,<br><br>Defendant and Counterclaim-Plaintiff. | Case No. 3:25-cv-05881-TLT<br><br>**PLAINTIFFS AND COUNTERCLAIM DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**<br><br>Date: November 25, 2025<br>Time: 2:00 p.m.<br>Place: Courtroom 9, 19th Floor<br>Judge: The Honorable Trina L. Thompson |

# TABLE OF CONTENTS

**Page No(s).**

NOTICE OF MOTION AND MOTION ....................1
STATEMENT OF THE RELIEF REQUESTED ....................1
MEMORANDUM OF POINTS AND AUTHORITIES ....................1
I. INTRODUCTION ....................1
II. STATEMENT OF THE ISSUES TO BE DECIDED ....................2
III. LEGAL STANDARD ....................2
IV. ARGUMENT ....................3
A. The Court Should Dismiss Recor's Third and Sixth Counterclaims Because They are Improper and not Adequately Pled ....................3
B. The Court Should Strike Recor's Conclusory, Speculative, and Improper Affirmative Defenses ....................4
1. Recor's Fifth Defense Conflates Six Different Affirmative Defenses and Does Not Plead Adequate Factual Support for Four of Them ....................4
2. Recor's Sixth Defense of Judicial Estoppel is Speculative and Unsupported ....................6
3. Recor's Seventh Defense of Preclusion is Barred by Law ....................6
C. Recor's Other Defenses Are Properly Stricken from its Pleading ....................7
V. CONCLUSION ....................9

## TABLE OF AUTHORITIES

**Cases** **Page No(s).**

*ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062 (Fed. Cir. 1995) .......... 4

*AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943 (N.D. Cal. 2015) .......... 2

*Aptix Corp. v. Quickturn Design Sys*., Inc., 269 F.3d 1369 (Fed. Cir. 2001) .......... 4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 2

*B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419 (Fed. Cir. 1997) .......... 4

*Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925 (N.D. Cal. 2012) .......... 5

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167 (N.D. Cal. 2010) .......... 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2

*Dahlia v. Rodriguez*, 735 F.3d 1060 (9th Cir. 2013) .......... 3, 6

*De Forest Radio Tel. Co. v. United States*, 273 U.S. 236 (1927) .......... 5

*Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, 2018 WL 4181905 (N.D. Cal. Aug. 31, 2018) .......... 3

*Gillig v. Nike, Inc.*, 602 F.3d 1354 (Fed. Cir. 2010) .......... 7

*Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550 (Fed. Cir. 1995) .......... 6

*Incase Designs, Inc. v. Marware, Inc.*, No. C 13-00604 RS, 2013 WL 12214133 (N.D. Cal. May 28, 2013) .......... 4

*IT Casino Sols., LLC v. Transient Path, LLC*, No. 21-CV-09872-WHO, 2022 WL 4913526 (N.D. Cal. Oct. 3, 2022) .......... 4, 5

*Katz v. Gerardi*, 655 F.3d 1212 (10th Cir. 2011) .......... 7

*Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*, No. CIV.A. 11-1228-RGA, 2012 WL 3063974 (D. Del. July 27, 2012) .......... 3

*PageMelding, Inc. v. ESPN, Inc.*,
No. C 11–06263 WHA, 2012 WL 3877686 (N.D. Cal. Sept. 6, 2012) .................................... 3

*Perez v. Gordon & Wong L. Grp., P.C.*,
No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ................................. 8

*Princo Corp. v. Int'l Trade Comm'n*,
616 F.3d 1318 (Fed. Cir. 2010) ........................................................................................... 5

*REC Software USA, Inc. v. HTC Am., Inc.*,
No. C14-1025 MJP, 2015 WL 1401315 (W.D. Wash. Mar. 26, 2015) .................................... 5

*Recor Medical, Inc. v. Medtronic Ireland Mfg. et al.*,
No. 3:22-cv-2072-TLT, ECF No. 178 (July 7, 2025) ............................................................ 6

*Segal v. Am. Tel. & Tel. Co.*,
606 F.2d 842 (9th Cir. 1979) ............................................................................................... 7

*Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Edu., Inc.*,
621 F.3d 981 (9th Cir. 2010) ............................................................................................... 5

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001) ............................................................................................................ 7

*Smart Modular Techs., Inc. v. Netlist, Inc.*,
No. 2:12-CV-02319-TLN-EFB, 2017 WL 3009217 (E.D. Cal. July 14, 2017) ........................ 3

*Westwood v. Brott*,
No. 22-CV-03374-CRB, 2022 WL 17418975 (N.D. Cal. Dec. 5, 2022) ................................. 8

*Zivkovic v. S. California Edison Co.*,
302 F.3d 1080 (9th Cir. 2002) ............................................................................................. 8

**<u>Rules</u>**

35 U.S.C. § 271(d)(3) ......................................................................................................... 5

Federal Rule of Civil Procedure 12(b)(6) ............................................................................... 2

Federal Rule of Civil Procedure 8(c) ..................................................................................... 7

Federal Rule of Civil Procedure 12(f) ................................................................................ 3, 8

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 25, 2025 or soon thereafter as counsel may be heard in the United States District Court for the Northern District of California in Courtroom 9, 19th Floor, before the Honorable Trina L. Thompson, Plaintiffs and Counterclaim Defendants Medtronic Ireland Manufacturing Unlimited Co. and Medtronic Vascular Galway Unlimited Company ("Medtronic") will and hereby do move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f) for an Order dismissing or striking certain counterclaims and affirmative defenses in the Amended Answer and Counterclaims filed by Defendant and Counterclaim Plaintiff Recor Medical, Inc. ("Recor") on August 19, 2025 (ECF No. 34). This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, any opposition and reply briefs, all pleadings and records on file, and such other evidence and arguments as may be presented to the Court before or at the hearing on this Motion.

## STATEMENT OF THE RELIEF REQUESTED

Pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f), Medtronic seeks an Order from the Court dismissing or striking from Recor's Amended Answer and Counterclaims (ECF No. 34) the following counterclaims and affirmative defenses: (1) Recor's third and sixth counterclaims for declaratory judgment of unenforceability; (2) Recor's fifth affirmative defense as it relates to the affirmative defenses of acquiescence, waiver, implied license and patent misuse; (3) Recor's sixth affirmative defense of judicial estoppel; (4) Recor's seventh affirmative defense of preclusion; and (5) Recor's defenses that are not affirmative defenses.

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

## I. INTRODUCTION

Recor attempts to capitalize on the procedural dismissal of a prior case that was explicitly *without prejudice* by asserting a long list of equitable defenses that it claims renders the patents unenforceable and precludes this case entirely. To the extent that Recor alleges any facts in support of these defenses at all, it stretches these facts beyond credulity to seek relief it cannot legally justify. The Court should strike or dismiss the many defenses and counterclaims that are the product of Recor's overreach.

First, Recor fails to provide a valid legal basis for its third and sixth counterclaims for declaratory judgment of unenforceability of the asserted patents. The legal doctrines Recor cites in support of these counterclaims, unclean hands and inequitable estoppel, cannot be used to establish unenforceability of a patent as a matter of law. Rather, those doctrines are affirmative defenses to specific charges of infringement that are inextricably tied to the alleged misconduct. Recor's counterclaims are also duplicative of its defenses based on those same doctrines, which is another independent reason to dismiss or strike its claims.

Second, Recor has failed to plead sufficient facts to support its fifth affirmative defense of "equitable defenses" as it relates to the legal doctrines of acquiescence, implied license, waiver, and patent misuse. Recor has pled no facts to support its conclusory assertions of acquiescence, implied license, and waiver. And Recor's patent misuse defense is predicated on a legal position Medtronic took related to the enforcement of its patents—conduct that is immune from an assertion of patent misuse as a matter of law.

Third, Recor has failed to plead any facts to support its sixth affirmative defense of "judicial estoppel." Recor asserts this defense "to the extent" that Medtronic takes positions that are inconsistent with other proceedings. But Recor does not allege that Medtronic has actually taken any such inconsistent positions, and therefore lacks any factual basis to support such an allegation.

Fourth, Recor has failed to plead sufficient facts to support its seventh affirmative defense of "preclusion." Recor alleges that Medtronic's claims should be precluded because they are duplicative of claims from prior litigation between the parties. Medtronic's prior claims, however,

were dismissed without prejudice for lack of subject matter jurisdiction. The law is clear that claims dismissed without prejudice cannot form the basis for preclusion. Recor has therefore failed to provide a sufficient factual or legal basis for this affirmative defense.

Fifth, Recor has included a number of defenses that are not affirmative defenses—and forces Medtronic to guess which ones it asserts are affirmative defenses. Recor also fails to plead factual support for these "other" defenses, including its first, third, fourth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth defenses. These defenses are therefore also properly stricken from Recor's pleading.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

(1) Whether the Court should dismiss or strike Recor's third and sixth counterclaims for declaratory judgment of unenforceability because it has not provided a sufficient legal basis for these claims and because these claims are duplicative of its affirmative defenses.

(2) Whether the Court should strike Recor's fifth affirmative defense as it relates to acquiescence, waiver, implied license and patent misuse, Recor's sixth affirmative defense of judicial estoppel, and Recor's seventh affirmative defense of preclusion, because Recor has not alleged sufficient facts to support these defenses.

(3) Whether the Court should strike Recor's defenses that are not affirmative defenses.

## III. LEGAL STANDARD

"A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 949 (N.D. Cal. 2015). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when its factual allegations, rather than mere conclusory statements, create the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Recitations of the "law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks omitted). In addition, "it is within [the court's] wheelhouse to reject, as implausible, allegations that

are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit "has not yet addressed whether the *Iqbal* and *Twombly* standard applies to affirmative defenses." *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659 WHA, 2018 WL 4181905, at *1 (N.D. Cal. Aug. 31, 2018). "Within this district, however, there is widespread agreement that they do." *Id.* (quoting *PageMelding, Inc. v. ESPN, Inc.*, No. C 11–06263 WHA, 2012 WL 3877686, at *1 (N.D. Cal. Sept. 6, 2012)). Accordingly, "if a defendant pleaded affirmative defenses which include only conclusory allegations, without providing any information about the grounds upon which the defenses rest, it has insufficiently pleaded these defenses." *Id.* (internal quotations and brackets omitted).

## IV. ARGUMENT

### A. The Court Should Dismiss Recor's Third and Sixth Counterclaims Because They are Improper and not Adequately Pled

The Court should dismiss Recor's third and sixth counterclaims for declaratory judgment of unenforceability of the asserted patents because it has not provided a legally sufficient basis for these claims. Recor asserts that the asserted patents should be declared "unenforceable against Recor" based on the doctrines of unclean hands and equitable estoppel. (ECF No. 34 ¶¶ 101-108, 122-129.) Neither of these doctrines, however, can support a claim for declaratory judgment of unenforceability.

Unclean hands and equitable estoppel are affirmative defenses, not counterclaims. *See, e.g.*, *Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*, No. CIV.A. 11-1228-RGA, 2012 WL 3063974, at *1 (D. Del. July 27, 2012) (dismissing unclean hands counterclaim because it is an "affirmative defense," not a "stand-alone claim"); *Smart Modular Techs., Inc. v. Netlist, Inc.*, No. 2:12-CV-02319-TLN-EFB, 2017 WL 3009217, at *7 (E.D. Cal. July 14, 2017) (dismissing counterclaim for equitable estoppel because it is "a defense, not a claim"). That is because both unclean hands and equitable estoppel are defenses to specific charges of infringement and do not

infect the property right underlying the claims. *See Aptix Corp. v. Quickturn Design Sys*., Inc., 269 F.3d 1369, 1378 (Fed. Cir. 2001) (explaining that "the doctrine of unclean hands do[es] not provide a basis [for] . . . nullifying the grant of a property right" and therefore cannot support declaratory judgment of unenforceability); *ABB Robotics, Inc. v. GMFanuc Robotics Corp.*, 52 F.3d 1062, 1063 (Fed. Cir. 1995) (explaining that "[e]stoppel is an equitable defense to a charge of patent infringement"). Because these doctrines "only provide[] a bar to relief in the case at hand" and "generally do[] not prejudice the offending party in subsequent cases," they cannot support an independent claim for declaratory judgment of unenforceability. *Aptix*, 269 F.3d at 1378; *see also B. Braun Medical, Inc. v. Abbott Laboratories*, 124 F.3d 1419, 1425 (Fed. Cir. 1997) (holding that equitable estoppel does not apply to the accused infringer's other products). In any event, Recor's counterclaims are duplicative of its affirmative defenses and may also be dismissed for that reason. *See IT Casino Sols., LLC v. Transient Path, LLC*, No. 21-CV-09872-WHO, 2022 WL 4913526, at *2 (N.D. Cal. Oct. 3, 2022) (explaining that courts will strike "counterclaims that present identical and legal issues as affirmative defenses").

### B. The Court Should Strike Recor's Conclusory, Speculative, and Improper Affirmative Defenses

#### 1. Recor's Fifth Defense Conflates Six Different Affirmative Defenses and Does Not Plead Adequate Factual Support for Four of Them

The Court should strike Recor's fifth defense, which it labels "equitable defenses," as it relates to acquiescence, waiver, implied license, and patent misuse. (ECF No. 34 at 12.) Recor does not provide a valid factual basis for pleading any of these affirmative defenses.

Recor asserts that Medtronic's claims are "barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, implied license, patent misuse, and/or unclean hands," but fails to identify which factual allegations, if any, would support a finding of acquiescence, waiver, or implied license. *Id.* Recor has therefore failed to provide Medtronic "fair notice as to the nature" of these defenses. *Incase Designs, Inc. v. Marware, Inc.*, No. C 13-00604 RS, 2013 WL 12214133, at *4 (N.D. Cal. May 28, 2013). In addition, the factual allegations that Recor asserts in support of its other defenses (estoppel, patent misuse, and unclean hands) do not provide adequate support for

these defenses. Acquiescence, waiver, and implied license all require some affirmative act by the patentee that would indicate either that it consented to the infringement or intentionally abandoned its right to pursue an infringement claim. *IT Casino*, 2022 WL 4913526, at *2 (N.D. Cal. Oct. 3, 2022) (explaining that "[a]cquiescence limits a party's right to bring suit following an affirmative act by word or deed by the party that conveys implied consent to another" (quoting *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Edu., Inc.*, 621 F.3d 981, 988 (9th Cir. 2010)); *Barnes & Noble, Inc. v. LSI Corp.*, 849 F. Supp. 2d 925, 943 (N.D. Cal. 2012) (explaining that an "implied license" is based on "language" or "conduct" by the patent owner from which it may be "infer[red] that the owner consents to [the] use of the patent" (quoting *De Forest Radio Tel. Co. v. United States*, 273 U.S. 236, 241 (1927)); *Finjan, Inc. v. Bitdefender Inc., No. 17-CV-04790-HSG, 2018 WL 1811979*, at *4 (N.D. Cal. Apr. 17, 2018) ("A party asserting a waiver defense must allege that a plaintiff intentionally relinquished or abandoned a known right."). Recor has not pled that Medtronic engaged in any sort of affirmative act that indicates consent to Recor's infringement or abandonment of its infringement claim. These affirmative defenses should therefore be stricken.

Recor has also not pled sufficient facts to support an affirmative defense of patent misuse. A patentee misuses a patent by "impermissibly broadening the physical or temporal scope of the patent grant with anticompetitive effect." *Princo Corp. v. Int'l Trade Comm'n*, 616 F.3d 1318, 1328 (Fed. Cir. 2010). Recor's defense of patent misuse is based on its allegation that "Medtronic Ireland asserted in a prior, related litigation that the '629 patent expires on June 5, 2029" despite the '629 patent claiming priority on its face to an application that was filed on April 8, 2003. (ECF No. 34 at 12.) A defense of patent misuse, however, cannot be based on a party's litigation positions. *See REC Software USA, Inc. v. HTC Am., Inc.*, No. C14-1025 MJP, 2015 WL 1401315, at *2 (W.D. Wash. Mar. 26, 2015) (denying leave to amend to add affirmative defense of patent misuse because "Defendants' allegations that Plaintiff is seeking to impermissibly extend its patent term are based on Plaintiff's position in this litigation"). That is because the Patent Act specifically provides that a patentee does not misuse its patent by seeking "to enforce his patent rights against infringement." 35 U.S.C. § 271(d)(3); *see also REC Software*, 2015 WL 1401315, at *2 (explaining that "the safe harbor provision at [35] U.S.C. § 271(d)(3) protects [the plaintiff] from liability for patent misuse

for asserting its rights in litigation"); *DuPont Merck Pharmaceutical Co. v. Bristol-Myers Squibb Co.*, 62 F.3d 1397, 1402 (Fed. Cir. 1995) (explaining that a patentee "may. . . litigate its infringement suit as aggressively as permitted by law"); *Glaverbel Societe Anonyme v. Northlake Mktg. & Supply, Inc.*, 45 F.3d 1550, 1558 (Fed. Cir. 1995) ("The bringing of a lawsuit to enforce legal rights does not of itself constitute violation of the antitrust laws or patent misuse."). Recor has not pled any purported misuse of the patent by Medtronic other than Medtronic's litigation position on the appropriate expiration date of the '629 patent. While Recor is free to argue that Medtronic's asserted expiration date is not correct, Recor cannot establish that the assertion itself is patent misuse. Recor's affirmative defense of patent misuse should therefore be stricken.

**2. Recor's Sixth Defense of Judicial Estoppel is Speculative and Unsupported**

The Court should also strike Recor's sixth defense, which asserts that "Medtronic's claims are barred in whole part based on the doctrine of judicial estoppel ***to the exten***t Medtronic makes arguments in this proceeding that are inconsistent with arguments" made in other proceedings. (ECF No. 34 at 12-13 (emphasis added).) Recor's conditional and hypothetical language preemptively asserts an affirmative defense for possible future conduct. This is exactly the type of "speculative" allegation foreclosed by the caselaw, and Recor's sixth defense should therefore be stricken. *Dahlia*, 735 F.3d at 1076.

**3. Recor's Seventh Defense of Preclusion is Barred by Law**

The Court should also strike Recor's seventh defense, which asserts that "Medtronic's claims are barred under principles of preclusion including but not limited to the rules against claim splitting and duplicative litigation" based on the "duplicative claims in Case No. 3:22-cv-03072-TLT." (ECF No. 34 at 13 (emphasis added).) The case to which Recor refers was dismissed *without prejudice* for lack of subject matter jurisdiction. *Recor Medical, Inc. v. Medtronic Ireland Mfg. et al.*, No. 3:22-cv-2072-TLT, ECF No. 178 (July 7, 2025). Controlling authority is unequivocally clear that a dismissal without prejudice for lack of jurisdiction cannot provide the basis for an affirmative defense of claim preclusion. *Semtek Int'l Inc. v. Lockheed Martin Corp.*,

531 U.S. 497, 505 (2001) (explaining that claim preclusion does not apply to dismissals without prejudice because "[t]he primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim"); *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1361 (Fed. Cir. 2010) ("To the extent that the dismissal in the original action was for lack of standing, there is no res judicata bar to a second action by a party with proper standing, but only a bar to another action by the same party alleging the same basis for standing."); *Segal v. Am. Tel. & Tel. Co.*, 606 F.2d 842, 844 (9th Cir. 1979) ("Although a judgment of dismissal for lack of jurisdiction is valid and final, the judgment does not bar another action by the plaintiff on the same claim."). The same is true for preclusion based on "claim splitting" because "the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit." *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). Even assuming the Court's dismissal for lack of subject matter jurisdiction was final, it would not preclude Medtronic from bringing this suit. Recor's seventh defense should therefore be stricken.

**C. Recor's Other Defenses Are Properly Stricken from its Pleading**

In its Answer and Affirmative Defenses, Recor fails to identify which of its defenses, if any, are affirmative defenses. (ECF No. 34 at 11 (stating that Recor "asserts at least the following defenses" and "undertak[es] the burden of proof only as to those defenses deemed affirmative defenses by law")). Recor's responsive pleading therefore does not comply with Federal Rule of Civil Procedure 8(c), which requires that a party "affirmatively state any . . . affirmative defense," Fed. R. Civ. P. 8(c)(1), and give the other party "fair notice of the defense and the grounds upon which it rests," *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010). Recor instead forces Medtronic to guess its position as to which defenses are affirmative defenses. That is not "fair notice," and these other defenses are properly stricken.

Specifically, Recor's first, third, fourth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth listed are not affirmative defenses and contain no factual support. An affirmative defense is a defense on which "[t]he defendant bears the burden of proof" that, if proven, would "deny plaintiff's right to recover, even if the allegations of the complaint are true." *Perez v. Gordon &*

*Wong L. Grp., P.C.,* No. 11-CV-03323-LHK, 2012 WL 1029425, at *11 (N.D. Cal. Mar. 26, 2012). In contrast, "[a] defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Courts routinely strike defenses that are improperly pled as affirmative defenses because they are redundant or "immaterial when included in a pleading." *Westwood v. Brott*, No. 22-CV-03374-CRB, 2022 WL 17418975, at *5 (N.D. Cal. Dec. 5, 2022); see also *Perez*, 2012 WL 1029425, at *11, *Barnes*, 718 F. Supp. 2d at 1174.

Medtronic bears the burden of proof on infringement, damages, and injunctive relief, and so Recor's first defense of non-infringement, fourth defense of prosecution history disclaimer and estoppel, eighth defense of no willful infringement, eleventh defense of limitation on damages, and twelfth defense of no injunctive relief, are not properly pled as affirmative defenses. (ECF No. 34 at 11-14); *see also Westwood*, 2022 WL 17418975, at *5 (striking affirmative defense of "non-infringement" and other issues on which the plaintiff bore the burden of proof). Similarly, Recor's second defense of failure to state a claim and ninth defense of no entitlement to attorneys' fees are based on purported defects in plaintiff's case, which means they are not affirmative defenses. (ECF No. 34 at 11, 13); *see also Westwood*, 2022 WL 17418975, at *5 (striking affirmative defense of failure to state a claim), *Perez*, 2012 WL 1029425, at *11 (same), *Barnes*, 718 F. Supp. 2d at 1174 (striking affirmative defenses of failure to state a claim and no attorneys' fees). Recor's tenth defense is merely an assertion that Medtronic cannot be awarded costs if the asserted claims are invalid (as pled in its second affirmative defense of invalidity). (ECF No. 34 at 13.) And Recor's thirteenth defense is not a defense at all but rather a legally ineffectual reservation of rights to assert additional defenses. (*Id.*)

The eight identified defenses also contain no factual support. Every single one of them is a conclusory assertion that Medtronic has failed to meet its burden or a simple restatement of the law. (*See* ECF No. 34 at 11-14). Accordingly, these are the exact types of "redundant," "immaterial," or "impertinent" defenses the Court should strike pursuant to Rule 12(f). Fed. R. Civ. P. 12(f).

## V. CONCLUSION

For the foregoing reasons, the Court should dismiss or strike Recor's third and sixth counterclaims for declaratory judgment of unenforceability. Recor's counterclaims are based on affirmative defenses that cannot themselves provide an independent basis for this type of counterclaim. The Court should also strike Recor's fifth defense as it relates to acquiescence, waiver, implied license and patent misuse, Recor's sixth defense of judicial estoppel, and Recor's seventh defense of preclusion, because Recor either pleads no facts in support of these defenses or pleads facts that cannot support these defenses as a matter of law. Finally, Recor's first, third, fourth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth defenses are properly stricken because they are not affirmative defenses, and because they lack any factual support.

Dated: August 22, 2025

Respectfully submitted,

*/s/ Bethany Bengfort*
Jennifer Seraphine (State Bar No. 245463)
seraphine@turnerboyd.com
Keeley I. Vega (State Bar No. 259928)
vega@turnerboyd.com
Jacob S. Zweig (State Bar No. 296129)
zweig@turnerboyd.com
Bethany Bengfort (State Bar No. 312507)
bengfort@turnerboyd.com
Alexander Krois (State Bar No. 334346)
krois@turnerboyd.com
TURNER BOYD SERAPHINE LLP
155 Bovet Road, Suite 600
San Mateo, California 94402
Telephone: (650) 521-5930

*Attorneys for Medtronic Ireland Manufacturing Unlimited Co. and Medtronic Vascular Galway Unlimited Company*