THOMPSON HINE LLP
Jennifer Seraphine (State Bar No. 245463)
Jennifer.Seraphine@thompsonhine.com
Keeley I. Vega (State Bar No. 259928)
Keeley.Vega@thompsonhine.com
Jacob S. Zweig (State Bar No. 296129)
Jacob.Zweig@thompsonhine.com
Bethany Bengfort (State Bar No. 312507)
Bethany.Bengfort@thompsonhine.com
Alexander Krois (State Bar No. 334346)
Alexander.Krois@thompsonhine.com

155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 521-5930

*Attorneys for Medtronic Ireland Manufacturing Unlimited Co. and Medtronic Vascular Galway Unlimited Company*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

MEDTRONIC IRELAND MANUFACTURING UNLIMITED CO. and MEDTRONIC VASCULAR GALWAY UNLIMITED COMPANY,

Plaintiffs and Counterclaim-Defendants,

vs.

RECOR MEDICAL, INC.,

Defendant and Counterclaim-Plaintiff.

Case No. 3:25-cv-05881-TLT

**PLAINTIFF MEDTRONIC'S OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PELADINGS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)**

Date: February 24, 2026
Time: 2:00 p.m.
Place: Courtroom 9, 19th Floor
Judge: Hon. Trina L. Thompson

# TABLE OF CONTENTS

Pages

I. INTRODUCTION ..... 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ..... 2

III. CONCISE STATEMENT OF RELEVANT FACTS ..... 2

IV. LEGAL STANDARD ..... 3

V. THE COURT SHOULD DECLINE TO DISMISS THIS CASE BECAUSE THE MOTION IS PROCEDURALLY IMPROPER, CLAIM SPLITTING DOES NOT APPLY, AND DISMISSAL IS NOT AN APPROPRIATE REMEDY ..... 4

A. Recor's 12(c) Motion is Procedurally Improper and Must be Denied for that Reason Alone ..... 4

B. Claim Splitting Does Not Apply Because There Are Not Two Ongoing and Duplicative Cases ..... 5

C. Claim Splitting Does Not Apply When the First Action has Been Dismissed *Without Prejudice* ..... 7

D. The Policies Underlying Claim Splitting Are Inapplicable to this Case ..... 8

E. Dismissal is Not an Appropriate Remedy in These Circumstances ..... 9

VI. CONCLUSION ..... 10

## I. INTRODUCTION

Recor's motion suffers one pervasive, fatal flaw: there are not two ongoing and duplicative actions. Claim splitting only applies when a first action is still ongoing, and a case that has been dismissed is considered closed even during the pendency of an appeal. The fact that the first action here was dismissed distinguishes this case entirely from *Mendoza v. Amalgamated Transit Union Int'l*, where there were two cases simultaneously pending at the trial court level. 30 F.4th 879, 886 (9th Cir. 2022). Recor's reliance on this case, and others with similar procedural posture—such as *Arendi S.A.R.L. v. LG Elecs. Inc.*, 47 F.4th 1380 (Fed. Cir. 2022), which Recor characterizes as "instructive"—is both misplaced and misleading. And notably absent from Recor's motion is a single case that gets Recor past this threshold issue.

Beyond Recor's failure to meet this threshold issue, the fact that the first action was dismissed *without prejudice* also defeats Recor's claim splitting argument. Dismissal without prejudice means "a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). This is precisely what Medtronic has done here: returned to this Court, after addressing the Court's jurisdictional findings, to seek relief for Recor's ongoing patent infringement. There is nothing improper or harassing in Medtronic's refiling of its legitimate patent infringement claims: "[s]uch subsequent lawsuits are normal and expected[,] [t]he whole point of dismissing without prejudice is to allow a subsequent suit." *See Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 798–99 (W.D. Ky. 2022) (citations omitted)).

Last, even if the doctrine of claim splitting did apply—which it does not—dismissal is not the appropriate remedy. Claim splitting is a discretionary doctrine that allows the Court to fashion the appropriate relief, including careful case management, as the Court has already done here. From the outset of this case, Medtronic has had one goal: to obtain a substantive judgment on the merits of its claims and a reasonable remedy for Recor's willful infringement of Medtronic's patents. At every turn, Recor has attempted to hamper, delay, or otherwise avoid a substantive judgment. As Recor itself argues, "justice delayed is justice denied." (ECF No. 64

at 1.) The asserted patents are near expiration, and Recor's delay strategy is intentional and extends to the present motion, which is both procedurally improper (because it was filed before the close of pleadings) and has no merit (because there are no duplicative litigations). Moreover, if granted, the sole result would be to force both parties and the Court to do ***more*** unnecessary work, not less. The Court should therefore deny Recor's motion so that the parties and the Court can move forward with this case.

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1. Whether the doctrine of claim splitting[1] applies when the first action was dismissed without prejudice and is on appeal.

2. If the doctrine of claim splitting applies, whether dismissal is the appropriate remedy.

## III. CONCISE STATEMENT OF RELEVANT FACTS

Litigation between the parties began on January 13, 2022, when Recor filed a declaratory judgment action seeking judgments of non-infringement and invalidity of Medtronic's U.S. Patent 8,845,629 (the "'629 patent"). (Case No. 22-cv-236, ECF No. 1.) Recor filed that case against Medtronic Ardian Luxembourg and Medtronic Vascular, Inc. (*Id.*) Once Medtronic Ireland was identified as the patent owner in co-pending *inter partes* review proceedings, Recor brought a second suit asserting the same declaratory judgment claims against Medtronic Ireland, on May 25, 2022. (Case No. 22-cv-3072, ECF No. 1.) On November 8, 2023, Medtronic Ireland responded to Recor's declaratory judgment complaint with counterclaims for infringement of the '629 patent and U.S. Patent No. 11,801,085 (the "'085 patent"). (Case No. 22-cv-3072, ECF No. 23.)

On July 7, 2025, the Court dismissed Recor's claims and Medtronic Ireland's counterclaims without prejudice, finding that Medtronic Ireland lacked constitutional standing to assert infringement of the Asserted Patents. (Case No. 22-cv-3072, ECF No. 178.) On July 14,

[1] The doctrines of "claim splitting" and "duplicative litigation" refer to the same thing and are often used interchangeably. *See, e.g.*, *Adams v. California Dep't of Health Servs.,* 487 F.3d 684, 688 (9th Cir. 2007) (referring to the test "[t]o determine whether a suit is duplicative"); *Mendoza*, 30. F.4th at 886 (referring to the same test in *Adams* as the test "[t]o determine when [] improper claim-splitting is present").

2025, Medtronic Ireland refiled its patent infringement claims against Recor on the Asserted Patents in this action, also adding Medtronic Vascular Galway Unlimited Company ("Medtronic Galway") as a party. (ECF No. 1.) The action was transferred to this Court under Civil Local Rules 3.3(c) (Refiled Actions) and 3.12 (Related Cases). The Court held a case management conference and issued a scheduling order on October 23, 2025, permitting limited further discovery and expert reports to issues pertaining to Medtronic Galway and noting that the parties agreed to be bound by the Court's claim construction order in the prior action. (ECF No. 50.) Under that schedule, fact discovery closes in August 2026, dispositive motions are due to be filed in January 2027, and trial is set for August of that same year. (*Id.*)

## IV. LEGAL STANDARD

The doctrine of claim splitting is premised on the idea that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza*, 30 F.4th at 886; *see also Katz v. Gerardi*, 655 F.3d 1212, 1218-19 (10th Cir. 2011) (explaining that "the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation"). This doctrine permits a court to "dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008).[2]

As an initial matter, for claim splitting to apply there must be two pending and duplicative actions: "claim-splitting requires an *ongoing* duplicative proceeding between the same parties based on the same transaction." *See Chabad*, 623 F. Supp. 3d at 798–99 (emphasis in original); *see also Fulfillium v. ReShape Med. LLC*, No. 8:18-cv-01265-RGK-PLA, 2019 WL 13038364, at *3–4 (C.D. Cal. May 27, 2019) (declining to apply claim splitting where the patent owner had filed a second action while the first action was pending appeal on a dismissal for lack of standing).

[2] The Ninth Circuit expressly noted that *Adams* "remains good law" for its descriptions of the general principles of and test for improper claim splitting. *See Mendoza*, 30 F.4th at 886 n.3.

Only if two actions are ongoing in the same court does the court then compare the cases to determine if they are duplicative. "To determine when such improper claim-splitting is present, '[the Ninth Circuit] borrow[s] from the test for claim preclusion.'" *Mendoza*, 30 F.4th at 886 (quoting *Adams*, 487 F.3d at 688). That is because "in the claim splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Adams*, 487 F.3d at 688 (citation omitted); *see also Katz*, 655 F.3d at 1218 ("Our precedent cannot be clearer: the test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."). "[T]he bar of claim-splitting is applicable if the second suit involves (1) the same causes of action as the first; and (2) the same parties or their privies." *Mendoza*, 30 F.4th at 886 (citing *Adams*, 487 F.3d at 688).

## V. THE COURT SHOULD DECLINE TO DISMISS THIS CASE BECAUSE THE MOTION IS PROCEDURALLY IMPROPER, CLAIM SPLITTING DOES NOT APPLY, AND DISMISSAL IS NOT AN APPROPRIATE REMEDY

### A. Recor's 12(c) Motion is Procedurally Improper and Must be Denied for that Reason Alone

The Court should deny Recor's motion because it is "procedurally premature." *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). By statute, a Rule 12(c) motion for judgment on the pleadings can only be filed "[a]fter the pleadings are closed," otherwise, it must be denied. *Id.* (quoting Fed. R. Civ. Proc. 12(c) ("*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings.") (emphasis added)). Because Medtronic has not yet filed an Answer to Recor's counterclaims, the pleadings in this action are still open. *Id.*; *see also Wi2Wi, Inc. v. Twin City Fire Ins. Co.*, No. 19-cv-06995-BLF, 2020 WL 4913489, at *5 (N.D. Cal. May 5, 2020) (denying 12(c) motion because the plaintiff "ha[d] not filed an answer to [the defendant]'s counterclaims . . . and therefore pleadings are not closed"). Recor's motion is properly denied for this reason alone. *See Buckhorn v. Hettinger,* No. 15-cv-04352-TSH, 2020 WL 5910070, at *7 (N.D. Cal. Oct. 6, 2020) (denying the defendant's motion as untimely for 12(c) because defendant "filed the instant motion . . . before Plaintiffs filed a responsive pleading" to counterclaims).

### B. Claim Splitting Does Not Apply Because There Are Not Two Ongoing and Duplicative Cases

Recor's motion also fails for the simple reason that there are not two *ongoing* cases, let alone two ongoing duplicative cases. Claim splitting only applies when the plaintiff is "maintain[ing] *two separate actions* involving the same subject matter *at the same time* in the same court and against the same defendant." *Mendoza*, 30 F.4th at 886 (emphasis added); *see also Adams*, 487 F.3d at 692 (explaining that dismissal for claim splitting may be appropriate where a district court has "duplicative suits contemporaneously pending on its docket").

As the court explained in *Chabad*, "claim-splitting requires an *ongoing* duplicative proceeding between the same parties based on the same transaction." 623 F. Supp. 3d at 798–99 (emphasis in original); *see also AntiCancer, Inc. v. Cambridge Rsch. & Instrumentation, Inc.*, No. 09-CV-351 JLS (RBB), 2010 WL 11684704, at *3 (S.D. Cal. Jan. 19, 2010) (explaining that "the related doctrine of claim splitting applies to determine whether a second action on similar claims is barred though the prior action *has not been terminated* ..." (emphasis added)). Where, as here, the prior suit was "dismissed without prejudice," a subsequent suit is not "barred based on claim-splitting *because only one suit is ongoing*." *Chabad*, 623 F. Supp. at 798 (emphasis added).[3]

Recor argues—with no legal support—that because the first action is pending on appeal, it is still "ongoing" for purposes of claim splitting. Recor's brief is noticeably devoid of even a single case that supports this incorrect proposition. The cases Recor does cite lack the procedural posture at issue here. *Compare* ECF No. 60 at 6-10, *with Mendoza*, 30 F.4th at 886 ("After discovery closed in *Mendoza I*, Mendoza filed *Mendoza II* in May 2018 in federal court, asserting similar claims against the same [] Defendants."); *Arendi*, 47 F.4th at 1383 (addressing

[3] Indeed, Recor tacitly concedes that the first action is not ongoing by admitting that success on appeal will "revive[]" the first case—if it were still ongoing, there would be no need for it to be "revived." (ECF No. 60 at 1:24, 2:22.)

a situation where "Arendi filed its *Arendi II* complaint in November 2020" after the *Arendi I* court "orally granted [a motion to strike infringement contentions] in October 2020").[4]

To the contrary, one district court in the Ninth Circuit declined to apply claim splitting based on a pending appeal, explaining that:

> Defendants argue that the doctrine of claim splitting bars Fulfillium from litigating the instant case while the first case is on appeal . . . . To be sure, this case involves the same three patents and the same allegations of infringement . . . . But the Court dismissed the patent claims in *Fulfillium I* because Fulfillium lacked standing to sue on the date *Fulfillium I* was filed[.]

*Fulfillium*, 2019 WL 13038364, at *3–4. Moreover, the Ninth Circuit has explained that "[i]n federal courts, a district court judgment is 'final' for purposes of res judicata even during the pendency of an appeal." *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006). This same rationale applies here: the first case is final—and not ongoing—because the district court dismissed it for lack of standing. As the Ninth Circuit made clear in *Sosa*, the pendency of an appeal does not affect the finality of that dismissal. *Sosa,* 437 F.3d at 928.

---

[4] *See also Adams*, 487 F.3d at 687 ("On September 2, 2004, after the district court denied her motion for leave to amend in the first case, Adams filed the complaint in this present case."); *Ramachandran v. City of Los Altos*, No. 23-cv-02928-SVK, 2024 WL 1745037, at *6, 14 (N.D. Cal. Apr. 22, 2024) (finding claim splitting based on a case "that was [] stayed pending the conclusion of additional litigation in state court"); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 13-cv-03677-JST, 2013 WL 10448869, at *1 (N.D. Cal. Oct. 22, 2013) ("A few months after [a] ruling [denying a motion for leave to amend infringement contentions], on August 8, 2013, Icon filed this action . . . ."); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1056 (S.D. Cal. 2007) (addressing a situation where "[plaintiff] filed a new action" weeks after "th[e] Court issued an order denying [plaintiff's earlier] motion for leave to file an amended counterclaim"); *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1347 (Fed. Cir. 2014) ("On November 28, 2011, still in the gap prior to the entry of final judgment in the first action, Senju filed a new action against Apotex . . . ."); *Oyster Optics, LLC v. Ciena Corp.*, No. 21-cv-02241-JSW, 2021 WL 3022008, at *1 (N.D. Cal. July 16, 2021) ("This is the third lawsuit between Plaintiff Oyster Optics LLC [] and Ciena that is pending before the undersigned."); *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 110 (D.D.C. 2008) (addressing "claim preclusion" rather than claim splitting); *Clements v. Airport Auth. Of Washoe Cnty.*, 69 F.3d 321, 329 (9th Cir. 1995) (finding that "defendants have waived any defense premised on claim preclusion in this federal action"); *Adobe Sys. Inc. v. Wowza Media Sys., LLC*, 72 F. Supp. 3d 989, 995 (N.D. Cal. 2014) (denying motion to dismiss and finding, among other things, that a "theory is not barred by the doctrine of claim splitting").

Because there are not two ongoing duplicative cases, the doctrine of claim splitting does not apply, and Defendants' motion is properly denied.

### C. Claim Splitting Does Not Apply When the First Action has Been Dismissed *Without Prejudice*

The Court's analysis can and should stop there: because there are not two cases pending, there is and can be no claim splitting. Recor's motion, however, also fails because claim splitting specifically does not apply when, as here, the first action was dismissed *without prejudice*: "the rule prohibiting the splitting of claims does not apply where, as here, the judgment in the first action specifically reserves, by use of the words 'without prejudice,' the plaintiff's right to bring the second action." *Torres v. Rebarchak*, 814 F.2d 1219, 1223–24 (7th Cir. 1987) (citing the *Restatement (Second) of Judgments*, which "provides that the rule against claim splitting does not apply where . . . the court in the first action has expressly reserved the plaintiff's right to maintain the second action").[5] The Seventh Circuit expressly noted that "a contrary conclusion would not serve the policies" of "protection of the defendant from harassment and the promotion of judicial economy" because the "judgment gave the defendants fair warning of a later suit." *Id.* Here, as in *Torres*, the Court specifically reserved Medtronic's right to bring a second action by dismissing the first action without prejudice. (*See* ECF No. 206 at 6 (explaining that "[h]ere, there were no procedural bars preventing Medtronic Ireland and Galway from bringing suit against Recor and asserting the same patent infringement claims" and that "the Court's dismissal without prejudice did not 'judicially preclude' relitigation of Medtronic Ireland's claims").) Claim splitting accordingly does not apply.

The Federal Circuit has similarly noted that "a party with proper standing" is not barred by the doctrine of claim splitting from filing a second suit where the first suit was dismissed for lack of standing. *IGT v. Zynga Inc.*, 144 F.4th 1357, 1368 (Fed. Cir. 2025) (discussing the "familiar idea that claim-splitting often does not apply in a second suit to what could not

---

[5] The Ninth Circuit has also heavily relied on the *Restatement (Second) of Judgments* to describe other aspects of claim splitting. *See Mendoza*, 30 F.4th at 887 (explaining that whether two cases involve the same causes of action for purposes of claim splitting "turns, at least in federal-question cases, on the application of the Restatement of Judgments' same-transaction test").

actually have been decided in a first suit"). This is because "a party is not precluded from bringing a subsequent claim (involving the same nucleus of operative facts) where it was unable to . . . seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority." *Id.* Under this logic, Medtronic Ireland and Medtronic Galway cannot be barred by claim splitting from bringing a second suit because a "limitation[] on the subject matter jurisdiction of the court[]" barred both of them from seeking relief in the first action. *Id.*

Recor does not identify a single case in which a second action was dismissed on claim splitting grounds after the first case was dismissed without prejudice. In contrast, as discussed above, numerous courts have held that claim splitting does not apply in this circumstance. Recor has offered no reason to depart from this judicially-supported, well-reasoned, and logical conclusion.

### D. The Policies Underlying Claim Splitting Are Inapplicable to this Case

Devoid of legal support, Recor relies on the "purpose" of claim splitting to argue that it should apply here. (*See* ECF No. 60 at 10.) This argument also fails. Recor claims that, by filing a second suit, Medtronic is pursuing duplicative actions that "harass Recor" and waste party and judicial resources. *See id.* This is a mischaracterization of the facts, because it was Recor who filed the first action, not Medtronic.[6] Even more tellingly, Recor has failed to identify *any* duplicative work that Medtronic's filing of this suit has forced either it or the Court to perform. *See id.*

That is for two reasons. First, there cannot be any duplicative work happening because the first action has been dismissed. There is no work being performed in that action. Second, there is no "extra" work that has been or will be performed in this case. The "work" being performed by the parties in this case, at least during the pendency of the appeal, is limited to discovery regarding the amended license agreement between Medtronic Ireland and Medtronic

[6] Recor not only filed the first action, and an earlier action, but also filed a simultaneous *inter partes* review petition invoking an automatic stay that resulted in a nearly two-year delay in Medtronic's ability to proceed with its patent infringement claims.

Galway. This is discovery Recor will presumably want to take in either case that moves forward. If the appeal is successful, then the discovery performed in this action will be usable in the revived first action and will help expedite that case upon remand. If the appeal is not successful, all of the work in this action would still be necessary for this action. In either event, none of the work being done is duplicative or wasteful. Meanwhile, delaying that additional discovery by dismissing this case will prejudice Medtronic, as it will not only delay Medtronic's ability to obtain justice for Recor's infringement, but will preclude Medtronic's ability to enforce its patents before they expire.

Rather than acknowledge this reality, however, Recor decided that *it* was going to create unnecessary work for both parties—including by way of this improper Rule 12(c) motion, which is both procedurally improper and generated unnecessary work for the parties and the Court. For example, the Court's ruling on Medtronic's pending motion to dismiss Recor's counterclaims would have resolved many of the issues this motion presents, including whether the doctrine of claim splitting applies to actions that have been dismissed without prejudice. (*See, e.g.*, ECF No. 34 at 6-7 (arguing that "[t]he Court should [] strike Recor's [claim splitting] defense").) In addition, by the time the pleadings do close, the Federal Circuit appeal (set for argument on March 3, 2026) will have been heard, and it is even possible that the appeal will have already concluded, mooting Recor's motion entirely.

**E. Dismissal is Not an Appropriate Remedy in These Circumstances**

Even if claim splitting applies here—which it does not—it is a discretionary doctrine. That means that "courts faced with a claims-splitting plaintiff can choose 'to dismiss the later-filed complaint without prejudice, to consolidate the two actions, or to stay or enjoin proceedings.'" *Russo v. Fed. Med. Servs., Inc.,* 756 F. Supp. 3d 748, 758–59 (N.D. Cal. 2024) (quoting *Adams*, 487 F.3d at 692). The appropriate remedy is the one that best "promotes judicial economy," allows for "the comprehensive disposition of litigation," "protect[s] the parties from vexatious and expensive litigation," and "serve[s] the societal interest in bringing an end to disputes." *Adams*, 487 F.3d at 692-93. Accordingly, courts will decline to dismiss duplicative actions where other remedies will not cause prejudice and better promote judicial

economy. *See, e.g,. Russo*, 756 F. Supp. 3d at 758–59 (declining to dismiss second action on claim splitting grounds because "the best manner for both cases to proceed would be to consolidate them for further proceedings"); *Puff Corp. v. Kandypens, Inc*., No. CV 20-10673-GW-KSx, 2021 WL 4942680, at *2 (C.D. Cal. Feb. 18, 2021) (explaining that dismissal for claim splitting was inappropriate where "the Court is presiding over both cases" because "there is no concern of inconsistent rulings or waste of judicial resources").

Here, the Court has already taken steps to ensure that there will not be unnecessary or duplicative work, including by limiting the scope of discovery sought from Medtronic Galway and any additional expert reports to issues relating to Medtronic Galway. (*See* ECF No. 50.) If Medtronic is successful on appeal and the first case is "revived"—to use Recor's language—that discovery will be used in that case such that the schedule can begin with dispositive motions. As the court explained in *Puff Corp.*, because this Court is presiding over both cases, "there is no concern of inconsistent rulings or waste of judicial resources." 2021 WL 4942680, at *2. Moreover, the schedule here, which sets dispositive motions for January 2027, and trial in August that same year, amply allows for resolution of any appellate issues before any decision on the merits. (*See* ECF No. 50.)

Again, Medtronic's asserted patents are nearing expiration. Medtronic is the party harmed by delay, not Recor. The appropriate and efficient approach is to allow discovery in this case to move forward, maintain the current schedule, and proceed until there is a decision on the appeal. At that point, the Court will have the benefit of the Federal Circuit's decision and can make an informed decision as to how to reconcile, as necessary, the procedural posture and to move this matter forward. Recor has provided no legitimate reason for the Court to exercise its discretion to dismiss the action, and the Court should decline Recor's invitation to inject further inefficiency and delay in the resolution of Medtronic's claims.

## VI. CONCLUSION

For the reasons set forth above, Medtronic respectfully requests that the Court deny Recor's motion for judgment on the pleadings.

Dated: January 22, 2026

Respectfully submitted,

THOMPSON HINE LLP

*/s/ Keeley Vega*

Jennifer Seraphine (State Bar No. 245463)
Jennifer.Seraphine@thompsonhine.com
Keeley I. Vega (State Bar No. 259928)
Keeley.Vega@thompsonhine.com
Jacob S. Zweig (State Bar No. 296129)
Jacob.Zweig@thompsonhine.com
Bethany Bengfort (State Bar No. 312507)
Bethany.Bengfort@thompsonhine.com
Alexander Krois (State Bar No. 334346)
Alexander.Krois@thompsonhine.com
THOMPSON HINE LLP
155 Bovet Road, Suite 600
San Mateo, California 94402
Telephone: (650) 521-5930

*Attorneys for Medtronic Ireland Manufacturing Unlimited Co. and Medtronic Vascular Galway Unlimited Company*