UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC IRELAND
MANUFACTURING UNLIMITED CO., et
al.,

    Plaintiffs,

  v.

RECOR MEDICAL, INC.,

    Defendant.

Case No.  25-cv-05881-TLT   (TSH)

**PUBLIC VERSION OF DISCOVERY
ORDER AT ECF NO. 90**

Re: Dkt. No. 84

The parties have filed a joint discovery letter brief in which Recor moves to compel further responses to its interrogatories 7, 9 and 10.

**A. Rog 7**

Rog 7 asked:  "Describe Galway's participation and knowledge of document discovery and discovery during the pendency of the prior case involving Recor and Medtronic Ireland, Case No. 3:22-cv-03072-TLT, including identifying any Galway employee involved in discovery and describing any litigation hold or any document preservation directive issued to Galway employees, including but not limited to identifying (i) the date on which any litigation hold or preservation directive was implemented; (ii) the scope of any such litigation hold or preservation direction, including categories of documents and data covered; (iii) the person(s) responsible for issuing and enforcing any litigation hold or preservation directive; and (iv) the name, title, and department of any employee or custodian subject to a litigation hold or preservation directive."  ECF No. 84-1.

Galway's answer consists of a bunch of objections, followed by:  "Subject to and without waiving the foregoing objections, Medtronic Galway responds as follows: Medtronic affirmatively states that the discovery previously provided to Recor in Case No. 4:22-cv-3072 included the

production of relevant and responsive documents from Medtronic Galway and further included the identification and deposition of Medtronic Galway employees." ECF No. 86-2.

Recor argues, first, that Medtronic made repeated representations in 22-cv-3072 ("Recor I") that it produced documents as if Galway had been a party, so now Galway can't hide from discovery about that. But that does not follow. Rog 7 seeks disfavored discovery about discovery. Normally litigants don't identify every employee involved in discovery, or describe their litigation or preservation holds, including who enforces them and everyone who was subject to a hold. Courts tend to order that kind of discovery only when there is a problem, and Recor has not made or attempted to make any evidentiary showing that this is the case here. The bland assertion that a corporate entity produced documents does not by itself justify the discovery about discovery that Recor seeks here.

Next, Recor argues that this discovery is relevant to its fifth affirmative defense. Let's take a look at that defense. It says:

> Medtronic's attempted enforcement of the asserted patents against Recor is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, implied license, patent misuse, and/or unclean hands. For example, Medtronic's misrepresentations regarding rights and interests in the Asserted Patents and related litigation misconduct have materially prejudiced Recor and altered the equities between the parties as they relate to the subject matter of this action. Medtronic's conduct constitutes unclean hands and equitably estops it from bringing its claims in this action. By way of another example, Medtronic Ireland asserted in a prior, related litigation that the '629 patent expires on June 5, 2029. However, the patent on its face claims priority from an earliest-filed nonprovisional U.S. patent application filed on April 8, 2003 (U.S. Application No. 10/408,665), and Medtronic claimed the benefit of the April 8, 2003 priority date during prosecution of the '629 patent. Ex. 1 at 6. Therefore, taking into consideration the patent term adjustment of 1,026 days, the '629 patent expires on January 28, 2026. 35 U.S.C. § 154(a)(2), (b). Medtronic's attempt to extend the term of the '629 patent beyond the term allowed by statute would extend the patent's economic effect beyond the scope of the patent grant and therefore constitutes patent misuse. Furthermore, Medtronic's efforts to seek future lost profits against Recor similarly constitutes patent misuse, as it improperly affects competition and extends the scope of the patent grant. Recor incorporates by reference the allegations in paragraphs 101-108 and 122-129 in its counterclaims below.

ECF No. 34 at 11.

The Court doesn't see how this discovery about discovery has anything to do with this

United States District Court
Northern District of California

2

affirmative defense. The late disclosure of the 2023 License Agreement is embraced by this defense, but Galway's participation in discovery in Recor I has nothing to do with this defense. There is simply a disconnect between the allegations in the fifth affirmative defense and the discovery about discovery that rog 7 seeks.

As neither of Recor's arguments in favor of this rog is persuasive, the Court DENIES its motion to compel concerning rog 7.

**B.　　Rog 9**

Rog 9 asked: "Describe in detail the licensing discussions between Medtronic Ireland and Galway that led to the 2023 License Agreement and 2025 Amended License Agreement, including but not limited to identifying (i) how the royalty rate or any other financial terms were decided, (ii) any economic and transfer pricing analysis considered in negotiation or drafting, (iii) any methodology applied to ensure the agreements were consistent with arm's-length principles under applicable tax laws, and (iv) any documents or studies; and identify all individuals involved in those discussions." ECF No. 84-1

Galway initially answered this rog by asserting several objections, followed by: "Subject to and without waiving the foregoing objections, Medtronic Galway responds as follows: the 2023 License Agreement was the subject of discovery in Case No. 4:22-cv-3072 and Medtronic Galway objects to providing additional information on that basis. Regarding the 2025 Amended License Agreement, Medtronic Ireland and Medtronic Galway amended the 2023 License Agreement following the Court's dismissal of Case No. 4:22-cv-3072 due to lack of standing. The amendment was made to cure the incorrect but perceived defect in the 2023 License Agreement. The financial terms of the 2023 License Agreement were not amended. The 2025 Amended License Agreement was signed by Tom Shiel on behalf of Medtronic Ireland Manufacturing Unlimited Company and Tony Butler on behalf of Medtronic Vascular Galway Unlimited Company. Persons with knowledge about the subject matter of this Interrogatory include Dan Teigen and Medtronic's legal counsel." ECF No. 86-2.

Later, Galway supplemented that answer with the following: "Subject to and without waiving its objections, Medtronic Galway further responds as follows: pursuant to Federal Rule

United States District Court
Northern District of California

3

of Civil Procedure 33(d), Medtronic Galway identifies MDTRECOR01275742." ECF No. 86-3. And then the following: "Subject to and without waiving its objections, Medtronic Galway further responds as follows: there are no non-privileged licensing discussions related to the 2025 Amended License Agreement. All communications between July 7, 2025 and July 11, 2025 related to the 2025 Amended License Agreement included and/or were at the direction of Medtronic's outside and/or in-house counsel." ECF No. 86-4.

Galway doesn't dispute that this rog seeks relevant and proportional information, at least insofar as it does not seek privileged information. Rather, for the 2023 License Agreement, it argues that Recor took this discovery in Recor I, and even though Galway was not a party to that case, Galway is relying on and considers itself bound by the discovery in that case. But the problem with that argument is that for the 2023 License Agreement, Galway's answer consists of broadly gesturing at the discovery that took place in Recor I without identifying anything specific that contains Galway's answer to the rog. If Galway considers itself bound by the information provided in the prior litigation, what specifically is the information that binds it? Galway doesn't say. Judge Thompson has authorized "discovery re: Medtronic Galway," ECF No. 50 at 1, and that includes Galway's answer to this rog as to the 2023 License Agreement. It would be acceptable for Galway to answer rog 9 by stating with precision exactly where its answer as to the 2023 License Agreement can be found in the Recor I discovery record, for example, if there is a particular deposition transcript that contains all of Galway's response to rog 9 as to the 2023 License Agreement. But right now Galway's answer is: "With respect to the 2023 License Agreement, our answer to this rog is contained somewhere in the discovery record in Recor I, and we won't tell you where." That is unacceptable. Other unacceptable answers include: "With respect to the 2023 License Agreement, our answer to this rog is contained somewhere in the discovery record in Recor I, including in the Rule 30(b)(6) deposition of Daniel Teigen." If Galway's answer to rog 9 with respect to the 2023 License Agreement is that its answer is in the discovery record in Recor I, it must say exactly where in a response that does not leave open the possibility that its answer might also be in other places too.

For its part, Recor argues that Galway must answer this rog with the information in its

possession, custody or control and cannot rely on the discovery record in Recor I. Certainly, Galway must give a truthful answer to the rog, and its answer must be based on the information in its possession, custody or control. But if Galway thinks an accurate answer to this rog is contained in the discovery record in Recor I, and if it thinks that record did contain the information in Galway's possession, custody or control – and that is what Galway is arguing – the Court sees no reason why Galway can't just point to it.

Accordingly, the Court GRANTS Recor's motion to compel as to rog 9 with respect to the 2023 License Agreement, as explained above.

As to the 2025 Amended License Agreement, Galway says those discussions are all privileged. Recor does not here challenge the claim of privilege but argues that Galway should provide sufficient information to determine the applicability of the privilege. The Court thinks that the last portion of rog 9 ("identify all individuals involved in those discussions") will be helpful in determining the applicability of the privilege, does not seek information that is itself privileged, and wasn't answered. Accordingly, the Court GRANTS Recor's motion to compel as to this portion of rog 9 with respect to the 2025 Amended License Agreement.

**C.      Rog 10**

Rog 10 asked: "Identify and explain all facts and legal bases underlying Galway and Medtronic Ireland's claim that the discounting and Average Sale Price decline of the Symplicity System 'were unlikely related to this issue' of reimbursement (McDuff Opening ¶ 168); identify all Documents that show or reflect the information set forth in Your response; and identify the three Persons most knowledgeable about the subject matter of this interrogatory." Galway's response consists of objections and an offer to meet and confer. ECF No. 86-2.

Galway argues that this subject was already subject to discovery in *Recor I* and should not be reopened here. This argument is essentially a repeat of rog 9 as to the 2023 License Agreement. Galway was not a party to *Recor I*, discovery has been opened as to Galway, and Recor is entitled to Galway's answer to this rog. If Galway believes its answer to rog 10 is contained in the discovery record in *Recor I*, it must state specifically where. It is not acceptable for Galway to say it is relying on and considers itself bound by discovery in *Recor I*, and then

United States District Court
Northern District of California

refuse to state specifically what it considers itself bound by.  Recor's motion to compel as to rog 10 is therefore **GRANTED**.

> **IT IS SO ORDERED.**

Dated: April 30, 2026

THOMAS S. HIXSON
United States Magistrate Judge